HARRIS, J.,
concurring specially:
I concur with the majority opinion. Because of the husband’s past performance, it is easy to understand the court’s skepticism relating to his ability to pay his alimony obligation. But the court’s statement, before any evidence was offered, that he did not believe that defendant could prove inability to pay the required support, indicates a heightened burden of proof that should not be borne by any party. A party should not have to overcome a judge’s predisposition to disbelieve.
Contrary to the court’s order, petitioner did not testify at the present hearing that the business conveyed by him to his mother for $20,000 is worth $225,000. Rather, he acknowledged that in 1996 he had valued the business at that figure in a financial statement to a bank. He was not asked the present value of the business. Indeed, he had offered the business to respondent for $20,000 at the time of an earlier contempt and “sold” it to his mother only after respondent refused. There was no question that petitioner is totally disabled and draws a disability check from social security and that for the last several months he has lived out of state. He testified that he received no income from the business or from any source other than his disability check.
Even though the trial judge is free to disbelieve petitioner, respondent’s concession that petitioner offered the property to her for $20,000 and then sold it to his mother for that amount (the amount required to meet the previous purge order) only after she refused, should require some showing that petitioner is receiving some current benefit from the business. Even if petitioner is disbelieved, there is no evidence at all that he is. Respondent’s lawyer recognized his problem:
But the fact is. we — we didn’t have the evidence here today, but we’ve shown that the business was sold for far less than its value. [This, of course, was not true. The present value of the business was not offered.] And our belief is that his mother is just feeding him money from the business, That’s our belief.
*525 Why the mother was not called is anyone’s guess. Why the mother’s bank account [supposedly she was running petitioner’s disability check through it] was not subpoenaed is unknown. Why those involved in the business that respondent concedes was sold but claims is the source of hidden income for petitioner were not deposed remains a mystery.
This record does not support a finding of present ability to pay the $15,000 purge amount.